Matter of Njogu (2021 NY Slip Op 05005)





Matter of Njogu


2021 NY Slip Op 05005


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

PM-119-21
[*1]In the Matter of Regina Wanjiru Njogu, an Attorney. (Attorney Registration No. 4497590.)

Calendar Date:August 16, 2021

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Regina Wanjiru Njogu, Beltsville, Maryland, respondentpro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2007 and was later admitted in her home state of Maryland in 2009. In 2015, respondent consented to her indefinite suspension in Maryland based upon sustained findings of professional misconduct in connection with her representation of a client seeking asylum. In March 2018, this Court suspended respondent for an indefinite term based upon her sustained misconduct in Maryland (170 AD3d 1320 [2019]). Respondent was conditionally reinstated in Maryland in March 2019, and this Court later reinstated respondent to the practice of law in August 2019, requiring that respondent provide quarterly certification to the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) confirming her ongoing compliance with the conditions of her Maryland reinstatement, and further directing her to advise the Court if and when the conditions of her Maryland reinstatement were terminated (175 AD3d 800 [2019]). In May 2021, the Court of Appeals of Maryland terminated the conditions applicable to respondent's reinstatement in that state and respondent now moves to terminate the conditions of her reinstatement in this state. By August 2021 correspondence, AGC advises that it does not oppose respondent's motion.
Upon our examination of the papers submitted, we conclude that, under the circumstances herein, respondent's request for removal of the conditions attached to her reinstatement to the practice of law in this state should be granted, effective immediately.
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that the order of this Court entered August 8, 2019 is modified to the extent that all items set forth therein as conditions to the reinstatement to the practice of law in this state by respondent are removed, effective immediately.